CYNTHIA B. CHAPMAN (State Bar No. 164471)
GEORGE Y. NIÑO (State Bar No.144623)
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, TX 77010
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JOSE HERNANDEZ ON BEHALF OF HIMSELF and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendant. | CASE NO. 05-CV-03996 (RMW)<br><br><u>COMPLEX LITIGATION</u><br><br>**FIRST AMENDED**<br>**CLASS ACTION COMPLAINT**<br><br><u>Jury Trial Demanded</u> |

1. Plaintiff Jose Hernandez, on behalf of himself and all others similarly situated, respectfully files this First Amended Class Action Complaint, by and through his undersigned attorneys against Defendants Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian") (collectively "Defendants"), and alleges upon personal knowledge as to himself and his actions, and as to all other matters upon information and belief based upon, *inter alia*, the investigation made by his attorneys as follows:

- 1 -
FIRST AMENDED CLASS ACTION COMPLAINT

2. This class action seeks relief on behalf of Plaintiff and the members of the Class (defined in ¶¶ 15) for statutory and punitive damages, costs and attorney's fees brought pursuant to the Federal Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA").

## I.

## JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Court by 15 U.S.C. §1681(p). This Court also has jurisdiction over the instant case pursuant to 28 U.S.C. § 1332(d)(2) because this is a class action where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and there are members of the Plaintiff class who are citizens of a State different from that of Defendants.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this district, and Defendants have at all relevant times been doing business in this district and throughout California.

## II.

## PARTIES

5. Plaintiff is a natural person and resident of the State of California and is a "consumer" as defined by 15 U.S.C. §1681a( c) and applicable state law.

6. Defendant Equifax Information Services, LLC, is a corporation incorporated under the laws of the State of Georgia and authorized to do business in the State of California. Its registered agent for service in California is CSC-Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833.

FIRST AMENDED CLASS ACTION COMPLAINT

7. Defendant Trans Union, LLC is a corporation incorporated under the laws of the State of Delaware and authorized to do business in the State of California. Its registered agent for service in California is Prentice-Hall Corporation System, Inc. at 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833.

8. Defendant Experian Information Solutions, Inc. is a corporation incorporated under the laws of the State of Ohio and authorized to do business in the State of California. Its registered agent for service in California is CT Corporation System, 818 W. Seventh St., Los Angeles, CA 90017.

9. Each Defendant is a "consumer reporting agency" ("CRA") within the meaning of the FCRA, 15 U.S.C. §1681a(f). Each Defendant regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

## III.

## FACTUAL BACKGROUND

10. Defendants sell consumer reports. On or about March 2, 2004, Plaintiff Jose Hernandez filed a Chapter 7 bankruptcy petition and thereafter was discharged of his unsecured, non-priority debts. Shortly thereafter, Equifax, Trans Union, and Experian each obtained actual knowledge of this filing and discharge. Each Defendant discovered these facts when it hired a public records vendor to examine and search the public records of the United States Bankruptcy Court. Each Defendant may or could have obtained this information instantly through the internet or other connection to PACER, RACER, or the equivalent. Each Defendant also had immediate and easy access to the list of creditors and debts included in the bankruptcy as well as the complete creditor's matrix.

11. However, Defendants' deliberate and established policies are to instruct their public records vendors to ignore this information. Rather than rely upon the actual records and information from the Bankruptcy Court clerk's office and files, the Defendants permit

- 3 -

FIRST AMENDED CLASS ACTION COMPLAINT

1  their customers - the furnishers - to report each respective "tradeline" or account" in the
2  "Trade Information" or "Account Information" section of consumer credit files and consumer
3  reports in whatever manner the furnishers choose, even if that reporting and information
4  contradicts or ignores information the Defendants obtained or could have easily obtained
5  from the Bankruptcy Court.

6      12.    Each Defendant has had actual notice of its violations of the FCRA from
7  consumers who, over the last several years, left with no other recourse, have sued the
8  Defendants regarding their improper practices.

9      13.    Between the date that Defendants first obtained actual knowledge of
10  Plaintiff's Chapter 7 bankruptcy discharge and the present, Defendants have produced at
11  least the following number of consumer reports and delivered them to Plaintiff's existing
12  and potential creditors: Equifax (27 consumer reports); Trans Union (17 consumer reports);
13  and Experian (35 consumer reports). Defendants prepared and delivered at least the
14  following number of consumer reports after they had actual knowledge that all of the
15  Plaintiff's debts had been completely discharged: Equifax (26 consumer reports); Trans
16  Union (17 consumer reports); and Experian (30 consumer reports).

17      14.    Within each of these consumer reports produced since June 1, 2004,
18  Defendants reported multiple tradelines, accounts, judgments and collections which were:
19  (a) reported to Defendants pre-petition or which were reported to Defendants post-petition,
20  but for pre-petition debts; (b) discharged by Chapter 7 bankruptcy; (c) which were known
21  by the Defendants, or reasonably should have been known by the Defendants, to have
22  been discharged by Chapter 7 bankruptcy; and (d) which were inaccurate as they included
23  pre-petition derogatory histories, balances and a non-bankruptcy status.

FIRST AMENDED CLASS ACTION COMPLAINT

## IV.

## CLASS ACTION ALLEGATIONS

### A. Plaintiff Class

15. **The Class.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "Class") initially defined as follows:

> All consumers residing in the United States (including all territories and other political subdivisions of the United States) who, although their Chapter 7 bankruptcy, schedule F debts were fully discharged, were the subject of an Equifax, Trans Union, or Experian (collectively "Defendants") consumer report published in the last two years, in which Defendants willfully failed to comply with the FCRA by failing to accurately report the consumer's discharged schedule F debts.
>
> Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, any employees, officers, directors of Defendants, and any legal representatives, heirs, successors, and assignees of Defendants, and any judge assigned to hear this action.

16. **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members and Sub-Class members are so numerous that joinder of all is impractical. Plaintiff estimates that the Class consists of several thousand persons. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

17. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

  a. Whether the post-bankruptcy consumer reports published by Defendants were inaccurate;

  b. Whether Defendants failed to follow reasonable procedures to assure the maximum possible accuracy of information being reported;

  c. Whether Defendants knowingly and intentionally committed an act in conscious disregard of the rights of the consumer; and

d.  Whether Defendants' conduct constituted violations of the FCRA, including §1681e(b).[1]

18. **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claim is typical of the claims of each Class member. Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

19. **Adequacy. FED. R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in complex class action litigation; and he intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel. Plaintiff and the Class have retained counsel experienced and competent in complex, commercial, multi-party, mass tort, personal injury, products liability, consumer, and class action litigation.

20. **Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the Class action device will result in substantial benefits

---

[1] "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." §1681e(b).

- 6 -

FIRST AMENDED CLASS ACTION COMPLAINT

1 to the litigants and the Court by allowing the Court to resolve numerous individual claims
2 based upon a single set of proof in a case.

3     21. **Injunctive Relief Appropriate for the Class. FED. R. CIV. P. 23(b)(2).** Class
4 certification is appropriate because Defendants have acted on grounds generally
5 applicable to the Class, making appropriate equitable injunctive relief with respect to
6 Plaintiff and the Class members. Specifically, Plaintiff seeks injunctive relief in the form
7 of a Court order requiring Defendants: (1) comply with the FCRA; (2) update and
8 accurately report bankrupcty information regarding each respective "tradeline" or account"
9 in the "Trade Information" or "Account Information" section of their credit files and
10 consumer reports; and (3) stop issuing any new consumer reports until Defendants comply
11 with the court's order. Plaintiff seeks such relief pursuant to Fed. R. Civ. P. 23(b)(2),
12 FCRA, state law and any other applicable source of equity.

## V.
## COUNT ONE: VIOLATION OF THE FCRA

15     22. Plaintiff incorporates by reference and realleges all paragraphs previously
16 alleged herein. Plaintiff asserts this cause of action on behalf of himself and all others
17 similarly situated.

18     23. Defendants willfully violated 15 U.S.C. §1681e(b) by failing to establish or to
19 follow reasonable procedures to assure maximum possible accuracy in the preparation of
20 the consumer reports they published and maintained concerning Plaintiff and each Class
21 Member.

22     24. As a result of Defendants' willful failure to comply with the FCRA, Plaintiff and
23 the Class Members are entitled to recover statutory damages, punitive damages, costs and
24 attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

## VI.
## DAMAGES AND OTHER RELIEF

27     25. Defendants' acts and omissions were a direct, proximate, and producing
28 cause of damages to Plaintiff and each Class Member.

FIRST AMENDED CLASS ACTION COMPLAINT

26. Defendants willfully engaged in violations of the FCRA entitling Plaintiff and each Class Member to statutory damages of at least $100 each. 15 U.S.C. §1681n(a)(1)(A).

27. Defendants' willful acts and omissions entitle Plaintiff and each Class Member to punitive damages. 15 U.S.C. §1681n(a)(2).

28. As a direct, proximate, and foreseeable result of Defendants' acts, each Class member has suffered significant damage to his credit history and have no adequate remedy at law.

29. This significant and continuing damage has caused irreparable harm to Plaintiff and the Class, which can only be mitigated or addressed by requiring Defendants to: (1) comply with the FCRA; (2) update and accurately report bankruptcy information regarding each respective "tradeline" or furnisher account in Plaintiff and the Class' credit files and consumer reports; and (3) stop issuing any new consumer reports until Defendants comply with the court's order.

30. Plaintiff and the Class Members seek their reasonable and necessary attorney's fees and costs incurred in connection with this suit. 15 U.S.C. §1681n(a)(3).

31. Plaintiff and the Class Members seek pre-judgment interest, at the highest rate allowed by law, on the damages awarded.

## VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

1. an order certifying the proposed class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent the Class;

2. the creation of a common fund available to provide notice of and remedy Defendants' FCRA violations;

3. judgment for statutory and punitive damages;

4. injunctive relief pursuant to federal and state law requiring Defendants to: (1) comply with the FCRA; (2) update and accurately report bankrupcty information regarding each respective "tradeline" or furnisher account in their credit files and consumer reports; and (3) stop issuing any new consumer reports until Defendants comply with the court's order;

- 8 -

FIRST AMENDED CLASS ACTION COMPLAINT

5.    attorneys fees, expenses and costs;

6.    pre-judgment and post-judgment interest as provided by law; and

7.    such other relief the Court deems just, equitable and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Dated October 24, 2005.

Respectfully Submitted,

CADDELL & CHAPMAN

By: _____
CYNTHIA B. CHAPMAN (State Bar No. 164471)
GEORGE Y. NIÑO (State Bar No. 144623)
1331 Lamar, Suite 1070
Houston, TX 77010
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

MICHAEL A. CADDELL (TSB No. 3576700)
CADDELL & CHAPMAN
1331 Lamar, Suite 1070
Houston, TX 77010
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

LEONARD A. BENNETT (VSB No. 37523)
MATTHEW ERAUSQUIN (VSB No. 65434)
GARY ABBOTT (VSB No. 68829)
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
Telephone: (757) 930-3660
Facsimile: (757) 930-3662

MITCHELL A. TOUPS (TSB No. 20151600)
Weller, Green, Toups & Terrell, L.L.P.
Bank of America Tower
2615 Calder St., Suite 400
Beaumont Texas 77702
Telephone: (409) 838-0101
Facsimile: (409) 832-8577

- 9 -

FIRST AMENDED CLASS ACTION COMPLAINT